UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WEST ONE AUTOMOTIVE GROUP, INC., an Oregon Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE and JANE DOE FEARING, and the marital community comprised thereof; JOHN G. and JANE DOE SCHULTZ and the marital community comprised thereof; WILLIAM E. and JANE DOE DAVIS and the marital community comprised thereof; JOHN and JANE DOES 1-5 and the marital community comprised thereof; LEAVY, SCHULTZ, DAVIS & FEARING, a law firm,<br><br>Defendants. | NO. CV-05-5090-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |

Before the Court are a number of motions: Defendants' Schultz, Davis, and Does Motion for Summary Judgment (Ct. Rec. 2); Plaintiff's Motion for Sanctions (Ct. Rec. 19); and Defendants' Motion for Summary Judgment (Ct. Rec. 24). Also before the Court is Plaintiff's Motion to Amend Case Caption and Complaint (Ct. Rec. 88). A hearing was held on this matter on November 15, 2006, in Richland, Washington. Plaintiff was represented by Dan'L W. Bridges. Defendants were represented by George E. Telquist.

///

///

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS ~ 1**

## BACKGROUND FACTS

The above-captioned case is the culmination of two other lawsuits that involve the same attorneys on opposing sides: one that was filed in Franklin County Superior Court, which resulted in a settlement agreement,[1] and one that was filed in the Eastern District of Washington, which was remanded back to state court after the federal claim was dismissed.[2]

The case currently before this Court began on August 31, 2005, when Defendants were served with a copy of a complaint filed by Plaintiff in Franklin County Superior Court. Plaintiff filed its lawsuit under the pseudonym John Doe. It is not clear when Plaintiff filed the complaint, but on August 19, 2005, a Temporary Restraining Order (TRO) was entered in which Defendants were prohibited from filing information identifying Plaintiff by name until the court was able to hear Plaintiff's Motion to Seal. A hearing was set for September 16, 2005, but before the hearing was held, Defendants removed the case to the Eastern District of Washington.

Defendants are individual lawyers and their law firm. Previously, Defendants were involved in representing West One Automotive employees in lawsuits against West One Automotive. Specifically, Defendant George Fearing represented Arnold Haag, Alex Tovar, and Brad Bolas in Franklin County Superior Court.[3] After mediation, the lawsuit between West One Automotive Group and its employees settled, and the parties entered into settlement agreements. Each employee signed a Settlement Agreement. The attorney for West One Automotive,

---

[1] *Arnold Haag v. West One Automotive Group,* 03-2-50025-1.

[2] *Alex Tovar v. Bill McCurley Chevrolet*, CR-03-5124-RHW.

[3] According to the now-Defendants, during the course of this lawsuit, Mr. Fearing garnered evidence that West One Automotive Group tampered with witnesses.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS ~ 2**

Dan'L Bridges, and the employees' attorney, George Fearing, also signed the Settlement Agreements.

Each Settlement Agreement contained the following provision, in part:

> The parties and their counsel (which for purposes of this provision mean George Fearing and the law firm of Leavy, Schultz, Davis & Fearing, P.S. and Dan'L Bridges and the Law Offices of Dan'L W. Bridges) shall keep confidential the terms of this Agreement and shall not reveal, disclose, make known, discuss, rely or in any other manner permit to be known by any other person or entity, either directly or indirectly, in whole or in part, any of the terms of the Agreement <u>or the substance of the allegations in the lawsuit resolved herein nor their knowledge or belief relating to those allegations</u>, except the parties may state that the matter has been resolved on mutually acceptable terms (<u>and without admission of fault or liability by WEST ONE AUTOMOTIVE GROUP, INC, by whom liability continues to be denied</u>).

(Emphasis in the original).

In November, 2003, Defendant Fearing represented Alex Tovar in a second lawsuit brought against Bill McCurley Chevrolet, a car dealership in Pasco. That case was removed to the Eastern District of Washington. In February 2005, this Court dismissed the federal claim, and remanded the case back to state court. Prior to the remand, Mr. Bridges had filed motions *in limine*. Mr. Bridges sought to exclude testimony and evidence that witnesses were pressured not to testify at Mr. Tovar's employment security hearing.

The following statement appeared in the pleadings:

> Instead, it appears, and knowing this is undertaking the grave risk of creating the appearance of engaging in an ad hominem argument, that alleging the pressuring of witnesses is simply an ongoing tactic of plaintiff's counsel. This is the second case the undersigned has had with plaintiff's counsel. In this case, as with the last, every time the employer or the undersigned attempted to speak to a witness we were accused of witness tampering or pressuring witnesses. However, apparently plaintiff's counsel's speaking to witnesses to the point of ongoing phone calls in the evening to employees after they asked him to stop was appropriate.

(CR-03-5124-RHW [Ct. Rec. 43]).

In his responsive pleadings, Alex Tovar filed evidence from the Franklin County Superior Court case of *Arnold Haag v. West One Automotive Group* to refute the allegations that his counsel routinely alleges that opponents tamper with

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS ~ 3**

witnesses. Specifically, his counsel George Fearing filed a Declaration in which he made the following statement:

> In Franklin County Superior Court, I represented Arnold Haag, Jr. in a lawsuit brought against his former employer, West One Automotive Group. Haag sued the former employer because the employer fired him for complaining about rampant pornography on the work premises and drug usage by West One Automotive Group managers. Dan Bridges represented West One Automotive Group in that lawsuit.
> After Arnold Haag filed his lawsuit, West One Automotive Group engaged in intimidation of other employees. West One Automotive Group managers called employees into the office and told them they needed to remember who gave them work and asked them if they had spoken to Arnold Haag or his attorney. Employees Alex Tovar and Brad Bolas refused to keep quiet about the pornography and both were then fired from employment with West One Automotive Group. Thereafter, Alex Tovar and Brad Bolas joined Arnold Haag's lawsuit as additional plaintiffs.

Mr. Fearing attached the following documents to his declaration:

1. Affidavit of Lloyd Wall, June 15, 2004;

2. Pages 3-6 of deposition of Lloyd Wall;

3. Affidavit of George Fearing in Support of Plaintiff's Motion to Strike Defendant's Answer and in Opposition to Defendant's Motion for Summary Judgment, December 9, 2003, without attachments;

4. Affidavit of Brad Bolas, December 10, 2003;

5. Affidavit of Kristi Flyg in Opposition to Defendant's Motion for Summary Judgment and in Support of Plaintiff's Motion to Strike Answer, December 9, 2003, with attachments.

(CR-03-5124-RHW [Ct. Recs. 50, 51]).

The Affidavits had been previously filed in Franklin County Superior Court, *Arnold Haag v. West One Automotive Group, Inc.*, 03-2-50025-1.

In the complaint that is currently before the Court, Plaintiff alleges that the above-listed material filed by Defendant Fearing in the *Alex Tovar* federal case were within the scope of the confidential information set forth in the Settlement Agreement, and the filing of the material violated the terms of the Settlement

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS** ~ 4

Agreement. Plaintiff is seeking damages for breach of contract, injunctive relief, and attorneys' fees.

**I.     Standard of Review**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits. . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "reasonable minds could differ as to the import of [the] evidence." *Id*. at 250-51. Moreover, if the evidence presented to the court is not significantly probative or merely colorable, then summary judgment is appropriate. *Id.* at 249-50. Further, the non-moving party must produce "more than the mere existence of a scintilla of evidence." *Id.* at 252. If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial," the trial court should grant the motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**II.    Defendants Shultz, Davis, and Others Motion for Summary Judgment**

Defendants Shultz, Davis and Does move for summary judgment on the grounds that as shareholders in a corporation, they are not liable for any purported wrongful conduct of George Fearing. Defendants also seek reasonable attorneys' fees and costs, pursuant to Fed. R. Civ. P. 11, and the Settlement Agreement.

The general rule in Washington is that the corporate form limits the personal liability of its officers, directors, and shareholders. *Burns v. Norwesco Marine,*

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS ~ 5**

*Inc.*, 13 Wash. App. 414, 418 (1975). Plaintiff argues that Wash. Rev. Code § 18.100.070 imputes liability on the individual shareholders of a professional services corporation.

Wash. Rev. Code § 18.100.070 states:

> Nothing contained in this chapter shall be interpreted to abolish, repeal, modify, restrict or limit the law now in effect in this state applicable to the professional relationship and liabilities between the person furnishing the professional services and the person receiving such professional service and the standards for professional conduct. Any director, officer, shareholder, agent or employee of a corporation organized under this chapter shall remain personally and fully liable and accountable for any negligent or wrongful acts or misconduct committed by him or by any person under his direct supervision and control, while rendering professional services on behalf of the corporation to the person for whom such professional services were being rendered. The corporation shall be liable for any negligent or wrongful acts of misconduct committed by any of its directors, officers, shareholders, agents or employees while they are engaged on behalf of the corporation, in the rendering of professional services.

Plaintiff argues that "the only limitation of liability under the statute is that a fellow shareholder only has liability for conduct taken within the scope of the delivery of professional services. There is no limitation as to who may bring such a claim for liability." Plaintiff asserts that the intent of creating professional service corporations was simply to allow professionals to organize in order to enjoy the same tax advantages that are available to non-professional entities, not to allow a partnership to avoid liability.

The Court does not agree with Plaintiff's interpretation of § 18.100.070. In order to justify its position, Plaintiff focused on certain portions of the statute, and failed to address an important phrase in the statute which limits the liability of individual shareholders.

Plaintiff's highlighted portions of the statute read as follows: [Any] shareholder, . . . shall remain personally and fully liable and accountable for any negligent or wrongful acts or misconduct . . . while rendering professional services on behalf of the corporation to the person for whom such professional services were being rendered.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS ~ 6**

The phrase that Plaintiff fails to include in his analysis is set forth in italics: Any . . . shareholder . . . shall remain personally and fully liable and accountable for any negligent or wrongful acts or misconduct *committed by him or by any person under his direct supervision and control,* while rendering professional services on behalf of the corporation to the person for whom such professional services were being rendered.

When read as a whole, the plain language of the statute preserves the general rule that the corporation, or professional service corporation, limits the personal liability of its officers, directors, and shareholders. The liability of a shareholder is limited to negligent or wrongful acts committed by him or by any person under his direct supervision and control. This would not include negligent or wrongful acts committed by other shareholders not under a shareholder's direct supervision and control. There is nothing in the record that would suggest that Mr. Fearing was under the direct supervision of any other shareholder.

Moreover, to the extent that Plaintiff is relying on Wash. Rev. Code § 18.100.070 to bring its claim, it does not have standing to do so. The statute is clear. A shareholder's individual liability is limited to claims by a "*person for whom such professional services were being rendered.*" There is nothing in the record to suggest that these Defendants provided services for Plaintiff.

Accordingly, as a matter of law, Plaintiff's claims against Defendants Shultz, Davis and Does fail and summary judgment is appropriate.

**II.    Defendants' Motion for Summary Judgment**

Defendants move for summary judgment on five theories: (1) the confidentiality clause was waived by the conduct of West One Automotive Group's attorney, Dan'L Bridges; (2) the confidentiality clause cannot be enforced in this setting because West One Automotive Group seeks to prohibit disclosure of its criminal conduct; (3) the confidentiality provision cannot be enforced in this setting because the West One Automotive Group seeks to punish George Fearing

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS ~ 7**

for testimony given or comments stated in a judicial proceedings; (4) the confidentiality clause cannot be employed in this setting since West One Automotive Group seeks to preclude an attorney from citing the public record; and (5) all defendants are entitled to statutory immunity under Wash. Rev. Code § 4.25.510.[4]

---

[4] Although Defendant did not argue as such, the Court is not convinced that Mr. Fearing's actions violated the terms of the Settlement Agreement. Plaintiff alleges two separate violations of the settlement agreement. The first was set forth in the complaint, and involved the filing of the declaration in the *Alex Tovar* case. The second was not referred to in the complaint, but in later briefing Plaintiff identified a letter that was written by Mr. Fearing to Brian King, an attorney for West One Automotive Group.

In reviewing the statements set forth in his declaration, it is clear that Mr. Fearing did not disclose the outcome of the suit, or the amount of the settlement, or any terms of the Agreements. Nor did he disclose the nature of the claims. Instead, the statement simply states that a lawsuit was initiated "because the employer fired him for complaining about rampant pornography on the work premises and drug usage by West One Automotive Group managers" and that Alex Tovar and Brad Bolas were fired.

The statements do not "reveal, disclose, make known, discuss, relay, or in any other manner permit to be known by any other person or entity" the substance of the allegations in the lawsuit. While the statement refers to the fact that a lawsuit had been filed, it does not disclose the substance of the allegations contained in the lawsuit.

With regard to the second allegation, in the letter, Mr. Fearing wrote:

> I am the attorney for Morris Poll. I have also represented other employees and former employees of West One Automotive Group, who have been wronged by West One Automotive Group. The other

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS ~ 8**

The Court concludes that Mr. Fearing is entitled to absolute immunity for filing his declaration in the *Alex Tovar* case. Washington law recognizes that "[a]s a general rule, witnesses in judicial proceedings are absolutely immune from suit based on their testimony." *Childs v. Allen*, 125 Wash. App. 50, 54 (2004), *citing Bruce v. Byrne-Stevens & Assocs. Engineers, Inc.*, 113 Wash. 2d 123, 125 (1989). The purpose of witness immunity is to ensure frank and honest testimony before the trial court. *Id.* In *Kauzlarich v. Yarbrough*, the Washington court commented that absolute privilege applies to cases in which the public service and administration of justice require complete immunity. 105 Wash. App. 632, 641 (2001). This includes legislatures in debate, judges and attorneys in preparation for trial of cases, statements of witnesses or parties in judicial proceedings, and statements of executive or military personnel acting within the duties of their officers. *Id.*

In *Twelker v. Shannon & Wilson, Inc.*, the Washington court held that in order for immunity to apply, the communications have to be related to the judicial proceedings. 88 Wash. 2d 473, 478 (1977). Plaintiff attempts to argue that the filing of the declaration had nothing to do with the issues in the *Alex Tovar* federal case. The Court disagrees. Once Mr. Bridges accused Mr. Fearing of falsely accusing defendants of witness tampering in an attempt to keep out an accusation of witness tampering in the *Alex Tovar* federal case, Mr. Fearing's declaration and the evidence of witness tampering became relevant to the motion *in limine*.

---

employees include Arnold Haag, Brad Bolos, Alex Tovar, Wendy Green, and Lloyd Wall. Some of these employees complained to West One Automotive Group about the rampant pornography on the work premises and were fired. Others were intimidated into keeping quiet about the pornography.

Although the letter states that the employees complained to West One Automotive Group about the pornography and they were fired, there is nothing in the letter to indicate that these were the allegations in any particular lawsuit.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS ~ 9**

Because Defendants have established the existence of a privilege, the burden of proof shifts to Plaintiff to show abuse of the privilege. *Id.* at 479. Plaintiff has not met this burden.

Also, at most, the statements made by Mr. Fearing referred to information that was already part of the public record. Public policy dictates that an attorney be permitted to cite to information that is contained in the public record, notwithstanding the existence of a confidentiality agreement. *See Fidelity Financial Services, Inc. v. Hicks*, 642 N.E. 2d 759 (Ill. App. 1994). The Illinois Court of Appeals explained the rationale behind such a rule:

> "[A]ttorneys must be permitted to cite anything that is in the public record, agreements to the contrary notwithstanding. To hold otherwise would not only deprive courts and litigants the opportunity to have issues presented completely and fairly, thus undermining our open judiciary, but would require attorneys to face the Hobson's choice between being found in contempt for citing such matter and being subject to malpractice claims for knowingly not citing it when it might well be decisive matter in another case. In addition, instances of conflict of interest would be greatly increased."

*Id.* at 763-64.

The Court concludes that a claim based on Mr. Fearing's filings in the *Alex Tovar* case cannot be sustained in light of the public policy that permits attorneys to cite to information that is contained in the public record. As the *Fidelity* court stated, "[w]e discern no compelling interest in permitting the world at large access to cite the Agreement–indeed the public has even the right to copy the Agreement–but restricting access of the parties to the Agreement and their attorneys." *Id.* at 763.

Finally, equitable considerations prescribe a finding that the Settlement Agreement was not violated by Mr. Fearing's filings. Clearly, Mr. Bridges opened the door when he referred to the first lawsuit and accused Mr. Fearing of making allegations of witness tampering. Mr. Fearing had a right and a duty to respond to these allegations. Because it is clear that Mr. Bridges was referring to the first lawsuit, Mr. Fearing had a right to also refer to that lawsuit in his briefings with

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS** ~ 10

this Court.

More importantly, once Mr. Bridges opened the door and accused Mr. Fearing of making allegations of witness tampering, the issue needed to be resolved by the Court. The Court has a significant interest in knowing the background and details of the allegations. Under Plaintiff's theory, Mr. Fearing should not be allowed to cite to the actual record in defending against the accusations, even though the record was necessary for the Court's consideration to resolve the issue.[5] The interests of justice demand that Mr. Fearing be allowed to respond to the allegations, and the Court consider all the relevant information in making its ruling on the motion *in limine*.

Defendants seek statutory damages under the Washington Anti-SLAPP statute. The Court concludes that the Washington Anti-SLAPP provisions do not apply to the facts of this case.

Wash. Rev. Code § 4.24.510 states:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith.

Wash. Rev. Code § 4.42.500 sets for the purpose of the statute:

> Information provided by citizens concerning potential wrongdoing is vital to effective law enforcement and the efficient operation of government. The legislature finds that the threat of a civil

---

[5] Plaintiff suggests that the issue could have been remedied by Defendant filing his declaration under the seal. This may have been an appropriate solution if Plaintiff's counsel would have filed his motion *in limine* under seal.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS ~ 11**

action for damages can act as a deterrent to citizens who wish to report information to federal, state, or local agencies. The costs of defending against such suits can be severely burdensome. The purpose of RCW §§ 4.24.500 through 4.24.520 is to protect individuals who make good-faith reports to appropriate governmental bodies.

Here, the information provided by Mr. Fearing did not necessarily concern potential wrongdoing and was in no way related to effective law enforcement or efficient operation of government. The Court denies Defendants' claims under the Washington anti-SLAPP statute.

The Court concludes that Mr. Fearing is entitled to absolute immunity for the filing of his declaration in federal court, public policy dictates that Mr. Fearing could cite to information in the public record, and equitable considerations support a finding that Mr. Fearing could respond to allegations that referred to the lawsuit in question in the manner in which he did. Accordingly, summary judgment in favor of Defendants is appropriate.

## III. Defendants' Request for Attorneys' Fees

Defendants ask for attorneys' fees pursuant to Fed. R. Civ. P. 11, and based on the terms of the Settlement Agreement.

The Settlement Agreements contains the following language:

> <u>Attorneys' Fees</u>. If any party to this Agreement initiates any proceedings to adjudicate any issues arising under this Agreement, the party to such proceeding who is the prevailing party shall be entitled to reimbursement of its attorneys' fees, costs, expenses, and disbursements (including arbitration fees and expenses) reasonably incurred or made by the prevailing party from the party who does not prevail.

Here, Plaintiff initiated this proceeding to adjudicate issues arising under the Settlement Agreement. The Court concludes that Defendants are the prevailing party and are entitled to reimbursement of its attorneys' fees, costs and expenses.

///

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS ~ 12**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motions for Summary Judgment (Ct. Recs. 2, 24) are **GRANTED**.

2. Defendants' Request for Attorneys' Fees is **GRANTED**. No later than **two weeks** from the date of this Order, Defendant shall submit briefing to the Court regarding the amount of reasonable attorneys' fees and litigation costs. Defendant is directed to file affidavits and a memorandum setting forth the legal basis and justification for any amount requested. Defendant is directed to note the hearing without oral argument **45 days** from the filing of the briefing. Plaintiff shall file its response as set forth in the Local Rules for the Eastern District of Washington.

3. Plaintiff's Motion for Sanctions (Ct. Rec. 19) is **DENIED**.

4. Plaintiff's Motion to Amend Case Caption and Complaint (Ct. Rec. 88) is **GRANTED**.

5. The District Court Executive is directed to amend the caption of the court record so that Plaintiff shall now be referred to as: WEST ONE AUTOMOTIVE GROUP, INC., an Oregon Corporation.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 3rd day of January, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Doe\sj2.wpd

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENTS ~ 13**